COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-075-CR

 

 

COURTNEY GEORGE COMPASS                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Appellant Courtney George
Compass appeals the trial court=s order denying his motion to dismiss. 
In his sole point, appellant complains that the trial court improperly
denied his motion to dismiss because he was denied a speedy trial in violation
of his federal and state constitutional rights. 
We affirm.








Appellant was convicted of
assaulting his girlfriend.  A criminal
information was filed against appellant on October 17, 2003, but he was not
arrested until two years later, on October 7, 2005.  He was arraigned on November 14, 2005 and
filed a motion to dismiss on January 23, 2006.[2]   

The trial court held a
hearing on appellant=s motion to
dismiss on February 24, 2006 at which appellant was the only witness.  After the hearing, the trial court denied
appellant=s
motion.  Appellant=s trial occurred on March 6 and 7, 2006, and a jury convicted him of
misdemeanor assault, with a family violence finding.  








An accused is guaranteed the
right to a speedy trial under both the United States and Texas Constitutions.[3]  In determining whether an accused has been
denied his right to a speedy trial, we use a balancing test to weigh the
conduct of both the prosecution and the defendant.[4]  The factors to be weighed include the length
of the delay, the reason for the delay, the defendant=s assertion of his speedy trial right, and the prejudice to the
defendant resulting from the delay.[5]  No single factor is necessary or sufficient
to establish a violation of the right to a speedy trial.[6]  

When reviewing a trial court=s ruling on a speedy trial claim, we review legal issues de novo but
give deference to a trial court=s resolution of factual issues.[7]  Because appellant lost in the trial court on
his speedy trial claim, we presume the trial court resolved any disputed fact
issues in the State=s favor, and
we also defer to the implied findings of fact that the record supports.[8]  The factfinder may, based on credibility and
demeanor evaluations, completely disregard a witness=s testimony, even if that testimony is uncontroverted.[9]








The first factor, length of
the delay, is measured from the time the defendant is arrested or formally
accused to the time of trial.[10]  The length of the delay is a threshold
matter; we consider the other three factors only if the delay is long enough to
trigger the analysis.[11]  In general, delay approaching one year is
sufficient to trigger a speedy trial inquiry.[12]

In this case, appellant was
formally accused by information on October 17, 2003 and was tried on March 6
and 7, 2006, a delay of almost twenty-nine months.  The State concedes that this amount of time
is sufficient to require analysis of the remaining factors.








The second factor is the
reason the government uses to justify the delay.[13]  A deliberate attempt to delay the trial in
order to hamper the defense should be weighed heavily against the government,
while a more neutral reason such as negligence or overcrowded courts should be
weighed less heavily.[14]  A valid reason, such as a missing witness,
should serve to justify appropriate delay.[15]  In the absence of an assigned reason for the
delay, a court may presume neither a deliberate attempt on the part of the
State to prejudice the defense nor a valid reason for the delay.[16]  

At the hearing on the motion
to dismiss, the State did not offer a reason for the delay.[17]  Therefore, this factor weighs slightly
against the State.[18]  

Third, we consider appellant=s assertion of his right to a speedy trial.[19]  A defendant=s failure to seek a speedy trial does not amount to a waiver of his
right, but it makes it difficult for him to prevail on a speedy trial claim.[20]  Although a motion to dismiss notifies the
State and the court of the speedy trial claim, a defendant=s motivation in asking for a dismissal rather than a prompt trial is
relevant and may sometimes attenuate the strength of his claim.[21]









In this case, appellant filed
a motion to dismiss that incorporated his speedy trial complaint and prayed for
dismissal of the information.  The record
does not indicate, however, that appellant ever requested a speedy trial.[22]  Moreover, even if appellant was ignorant that
charges were pending during the two years between the filing of the information
and his arrest, he did not file his motion to dismiss until three months after
he was arrested and learned of the charges. 
Further, appellant received a trial less than two months after he first
indicated his interest in a speedy trial by moving to dismiss.[23]  For these reasons, the third factor weighs
against appellant.








Prejudice, the fourth factor,
is to be considered in light of the interests that the right to a speedy trial
was designed to protect.[24]  These interests include the prevention of
extended pretrial incarceration, minimization of anxiety over pending charges,
and the prevention of actual prejudice to the defendant=s ability to present a defense.[25]  The defendant has the burden of showing
prejudice.[26]


Here, appellant suffered no
extended pretrial incarceration or anxiety over the pending charges,[27]
but he claims that the two-year delay between the filing of the information and
his arrest prejudiced his ability to present a defense.  At the hearing on his motion to dismiss,
appellant testified as follows:  

Several days after the
incident, his girlfriend told him she had called the police but had not filed
charges against him.  He believed that
meant everything was over.  He did not
receive anything in the mail, and no one tried to arrest him.  Therefore, he had no reason to contact an
attorney.  Appellant and his girlfriend
remained in a relationship off and on throughout all relevant periods of time,
but he first learned of the charges the day he was arrested, on October 7,
2005. 








Appellant claimed his memory
had faded over the past two years.  He
remembered where he drove both before and after the incident and that he was
not intoxicated at the time, but he could not remember who, if anyone, was
present whom he might call as a witness. 
In addition, appellant claimed that he had more money in 2003 than in
2005; therefore, defending the case in 2005 was a financial burden to him and
caused him to worry.  

After hearing argument of
appellant=s counsel,
the trial court stated on the record: 

I don=t
find any harm at all here.  He=s
already told me on the stand that he knew, the exact night that this happened,
that the police were called . . . .  He
can remember that. . . . He can remember the conversation that he had with her,
but his memory is very selective.  He can=t
even remember if anyone else was around. 
I cannot believe that this would not stick out in his mind of anything
that=s
gone on with his life, with what he=s told me here today.   

 

We hold that the record
supports the trial court=s findings
regarding appellant=s selective
memory and that appellant=s defense
was not prejudiced as a result of the delay. 
Accordingly, we defer to those findings and hold that this factor also
weighs heavily against appellant.[28]









Having concluded that the
first and second factors weigh in favor of appellant but that the third and
fourth factors weigh against him, we hold that the trial court did not err by
ruling that appellant was not deprived of his right to a speedy trial.  Therefore, the trial court properly denied
appellant=s motion to
dismiss.  Accordingly, we overrule
appellant=s sole point
and affirm the trial court=s judgment.

PER CURIAM

 

PANEL
A:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 19, 2007   
                       

 

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
claims he also requested a jury trial on January 23, 2006.  Although a hearing was held on that date,
there is no reporter=s record
from that hearing and no other indication of who requested the trial setting. 





[3]U.S. Const. amends. VI, XIV, ' 1; Tex. Const. art. I, '
10.  





[4]Barker
v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2191B92
(1972); Dragoo v. State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). 





[5]Barker, 407
U.S. at 530, 92 S. Ct. at 2192; Dragoo, 96 S.W.3d at 313. 





[6]Barker, 407
U.S. at 533, 92 S. Ct. at 2193; Dragoo, 96 S.W.3d at 313. 





[7]Kelly
v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005); Macon
v. State, No. 02-05-00195-CR, 2007 WL 79714, at *5 (Tex. App.CFort
Worth Jan. 11, 2007, no pet.) (mem. op., not designated for publication).  





[8]Zamorano
v. State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). 





[9]Kelly, 163
S.W.3d at 727 (citing State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000)).  





[10]Shaw
v. State, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); Dragoo,
96 S.W.3d at 313.





[11]Dragoo, 96
S.W.3d at 313; Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App.
1994), cert. denied, 513 U.S. 1192 (1995).





[12]Shaw, 117
S.W.3d at 889. 





[13]Barker, 407
U.S. at 531, 92 S. Ct. at 2192.  





[14]Id.  





[15]Id. 





[16]Dragoo, 96
S.W.3d at 314.  





[17]In
its brief, the State suggests that appellant may have contributed to the delay
because he did not notify the proper authorities of a change of address.  There is no evidence, however, that the State
attempted to contact or arrest appellant at an incorrect address.   





[18]See Dragoo,
96 S.W.3d at 314.





[19]Barker, 407
U.S. at 531, 92 S. Ct. at 2192.  





[20]Id.; State
v. Munoz, 991 S.W.2d 818, 825 (Tex. Crim. App. 1999).  





[21]Zamorano, 84
S.W.3d at 651 n.40; Burgett v. State, No. 02-05-00377-CR, 2006 WL
3525434, at *3 (Tex. App.CFort
Worth Dec. 7, 2006, pet. ref=d) (mem. op., not designated
for publication).





[22]Appellant
claims he requested a jury trial on January 23, 2006, the same day he filed his
motion to dismiss, but this is not reflected anywhere in the record.  See note 2, supra.  Appellant has failed to meet his burden of
presenting a record showing his entitlement to relief.  See Word v. State, 206 S.W.3d
646, 651B52
(Tex. Crim. App. 2006).  





[23]See
Kelly, 163 S.W.3d at 729. 





[24]Barker, 407
U.S. at 532, 92 S. Ct. at 2193.  





[25]Id.





[26]Emery, 881
S.W.2d at 709.  





[27]Appellant
bonded out of jail three days after his arrest. 
Further, appellant claims he was not aware of the pending charges for
two years;  therefore, he cannot have
suffered anxiety over them during that time.





[28]Appellant
also claims that his trial was presumptively prejudiced because of excessive
delay.  We decline to hold that a
twenty-nine month delay is presumptively prejudicial.  Compare Doggett v. United States, 505
U.S. 647, 654B58,
112 S. Ct. 2686, 2692B94
(1992) (holding delay of eight and one-half years was presumptively
prejudicial), and Guajardo v. State, 999 S.W.2d 566, 570 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d) (holding delay of five
years was presumptively prejudicial), with State v. Wray, No.
05-01-01799-CR, 2002 WL 1763567, at *4 (Tex. App.CDallas
July 31, 2002, pet. dism=d)
(mem. op., not designated for publication) (holding delay of twenty-five months
was not presumptively prejudicial), and Clarke v. State, 928 S.W.2d 709,
717 (Tex. App.CFort
Worth 1996, pet. ref=d)
(holding no presumptive prejudice in case where delay in bringing appellant to
retrial on punishment was twenty-nine months after the United States Supreme
Court denied certiorari and five months after appellant filed motion for speedy
retrial).