Affirmed and Majority and Concurring Opinions filed January 6, 2009








Affirmed and Majority and Concurring Opinions filed January 6,
2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00801-CR

____________

 

RASHUN TIONCHAE MOORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 53,173

 



 

M A J O R I T Y   O P I N I O N








Rashun Tionchae Moore, appellant, entered a plea of Aguilty@ to the offenses
of aggravated robbery and unlawful possession of a firearm by a felon.  Tex.
Penal Code Ann. '' 29.03, 46.04 (Vernon 2003).  The jury
assessed appellant=s punishment at thirty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In six
issues, appellant argues (1) the trial court erred in failing to admonish him
on the applicable range of punishment upon entering his guilty plea, (2) the
trial court erred when it failed to advise him of the possible deportation
consequences of his guilty plea in violation of his due process rights under
the Texas Constitution, (3) the trial court erred when it failed to advise him
of the possible deportation consequences of his guilty plea in violation of his
due process rights under the United States Constitution, (4) the trial court
erred by refusing to grant appellant=s request for a
mistrial, (5) the trial court erred by allowing the State to reopen its case
after it rested in order to admit exhibits it had inadvertently forgotten to
admit, and (6) the trial court erred in its response to the jury asking for
further instruction during punishment phase deliberations.  We affirm.

Factual and Procedural History

Appellant was charged with aggravated robbery and unlawful
possession of a firearm by a felon.  Appellant pled guilty to both charges.  He
also pled true to the enhancement paragraph.  Before accepting his plea, the
trial court admonished the defendant:

THE COURT:                   Mr.
Moore, you have just entered your plea of guilty to each count of the
indictment.  Before you did that, did you talk it over with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT:                   And
you understand that by entering your plea of guilty, the jury is probably going
to find you guilty in [sic] each count?

THE DEFENDANT: Yes, sir.

THE COURT:                   Do you
understand that?

THE DEFENDANT: Yes, sir.

THE COURT:                   Are
you being forced to do that?

THE DEFENDANT: No, sir.

THE COURT:                   You=re doing it freely and voluntarily,
pleading guilty to each count of the indictment?

THE DEFENDANT: Yes, sir.

THE COURT:                   After
consulting with your lawyer?

THE DEFENDANT: Yes, sir.








THE COURT:                   Do you
understand what=s going on in these proceedings?

THE DEFENDANT: Yes, sir.

THE COURT:                   All
right.  It appears to me that the Defendant is competent and insisting in [sic]
his plea of guilty.  The Court accepts his plea of guilty to Count One and Two.

 

The
trial court accepted appellant=s plea.  After a jury trial to assess
punishment, appellant was sentenced to thirty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.

Discussion

A.      Did the
trial court err in failing to admonish appellant on the applicable range of
punishment upon entering his guilty plea?

In his first issue, appellant contends the trial court
erred in failing to admonish him on the applicable range of punishment upon
entering his guilty plea.  Appellant  argues this error requires reversal
without a harm analysis.  We disagree and conclude appellant suffered no harm.

1.       Standard
of Review








Before accepting a plea of guilty, the trial court must
admonish a defendant of the range of punishment for the offense.  Code Crim.
Proc. Ann. art. 26.13(a)(1) (Vernon 1989).  Failure to admonish a defendant
about the range of punishment before accepting a guilty plea is subject to
harmless error analysis under Texas Rule of Appellate Procedure 44.2(b).  Aguirre-Mata
v. State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003).  In conducting the
harm analysis, we must disregard the error unless it affected appellant=s substantial
rights.  Tex. R. App. P. 44.2(b); Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002).  In the context of a guilty plea, an error affects
substantial rights when, considering the record as a whole, we do not have a
fair assurance that the defendant=s decision to
plead guilty would not have changed had the trial court properly admonished
him.  Anderson v. State, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

2.       Analysis

Prior to accepting his plea, the trial court admonished
appellant, but failed to  admonish him on the range of punishment.[1] 
Appellant contends the trial court=s error in failing
to admonish him on the applicable range of punishment requires reversal without
a harm analysis.  In support of his position, appellant relies on the Supreme
Court=s opinion in Boykin. 
See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23
L.Ed.2d 274 (1969) (holding that for a trial judge to accept a defendant=s guilty plea
without an affirmative showing that it was intelligent and voluntary violates
the defendant=s constitutional rights).  We agree with the appellant
that the trial court erred when it failed to admonish appellant regarding the
range of punishment.  However, the Texas Court of Criminal Appeals rejected Boykin=s applicability to
article 26.13(a) admonishments, thus a harm analysis is necessary in this
case.  See Aguirre-Mata, 125 S.W.3d at 475-76, citing McCarthy v.
United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418
(1969) (holding the article 26.13(a) admonishments are not constitutionally
mandated, but rather are designed to assist the trial judge in making the
determination that the guilty plea was voluntary).








In conducting a harm analysis, we must determine whether
appellant=s substantial rights were violated.  The record
reflects appellant was aware of the range of punishment for the offenses of
aggravated robbery and unlawful possession of a firearm by a felon.  During
voir dire, the trial court read the complete punishment range to the jury
during opening remarks.  In addition to the State also disclosing the
punishment range during voir dire, the State explained the punishment range to
individual veniremen on three separate occasions.  Furthermore, during
appellant=s voir dire, his counsel explained the range of
punishment for aggravated robbery as well as the range for enhancement of the
charges.  Since the record reflects the applicable range of punishment was
discussed, appellant=s substantial rights were not violated by
the trial court=s error.  See Gardner v. State, 164
S.W.3d 393, 397 (Tex. Crim. App. 2005) (holding a record reflecting that the
applicable range of punishment was discussed during voir dire is enough to
dispel a claim that appellant=s substantial rights were violated). 
Accordingly, we overrule appellant=s first issue.

B.      Did the
trial court violate appellant=s due process
rights when it failed to advise him of the possible deportation consequences of
his guilty plea?

In issues two and three, appellant claims the trial court
erred when it failed to advise him of the possible deportation consequences of
his guilty plea in violation of his due process rights under the Texas
Constitution and the United States Constitution.  The admonishments in article 26.13(a)
have not been held to be constitutionally mandated, so we will conduct a
nonconstitutional harm analysis.  See Aguirre-Mata, 125 S.W.3d at 476, citing,
McCarthy, 394 U.S. at 462, 89 S.Ct. at 1169.  We conclude appellant suffered no harm.

1.       Standard
of Review








A nonconstitutional violation of article 26.13 is subject
to a harm analysis under Texas Rules of Appellate Procedure 44.2(b).  Aguirre-Mata,
125 S.W.3d at 473.  In the context of a guilty plea, an error affects
substantial rights when, considering the record as a whole, we do not have a
fair assurance that the defendant=s decision to
plead guilty would not have changed had the trial court properly admonished him. 
Anderson, 182 S.W.3d at 919.  When the trial court fails to admonish a
defendant of the possible deportation consequences of his plea, three factors
should be considered in the Afair assurance@ analysis: (1)
whether the defendant knew the consequences of his plea, (2) the strength of
the evidence of guilt, and (3) the defendant=s citizenship and
immigration status.  Vannortrick v. State, 227 S.W.3d 706, 712 (Tex.
Crim. App. 2007).

2.       Analysis

In looking at the first factor, the record is silent on the
immigration consequences of appellant=s guilty plea. 
When the record is silent regarding the possible deportation consequences of a
guilty plea, the court must infer appellant did not know the consequences of
his plea regarding immigration.  Id. at 710-11.  Second, the strength or
weakness of the evidence of guilt has little relevance when coupled with a
finding that the appellant was not aware of the consequences of his plea.  Id.
at 713.  Finally, we look to appellant=s citizenship. 
When the record shows a defendant to be a United States citizen, the trial
court=s failure to
admonish him on the immigration consequences of his guilty plea is harmless
error.  Id. at 709.

The record in this case reflects appellant is a United
States citizen.  During appellant=s trial testimony,
he stated he was born in Houston, Texas and had lived in Houston his entire
life.  Furthermore, the final page of State=s exhibit 13, the
pen packet for appellant=s prior felony, sets out appellant=s place of birth
as ATexas.@  Since appellant
is a United States citizen, we hold the trial court=s failure to
admonish appellant as to the deportation consequences of his plea harmless
error.  See U.S. Const. amend. XIV, ' 1 (declaring
persons born in the United States as citizens).  Thus, we overrule issues two
and three.

C.      Did the
trial court abuse its discretion by refusing to grant appellant=s request for a
mistrial?

In issue four, appellant contends the trial court erred by
refusing to grant a mistrial after the State introduced improper hearsay
testimony.  We hold the trial court=s instruction to
the jury to disregard cured any error.

1.       Standard
of Review








A trial court=s denial of a
motion for mistrial is reviewed for abuse of discretion.  Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004); Wood v. State, 18 S.W.3d 642,
648 (Tex. Crim. App. 2000).  A mistrial is appropriate only for Ahighly prejudicial
and incurable errors.@  Wood, 18 S.W.3d at 648.  It is a
mechanism to end a proceeding when the trial court faces prejudicial error that
makes continuance wasteful and futile.  Id.  When an appellant is not
contesting the trial court=s ruling on his objection, but rather the
denial of a new trial, the denial should be upheld unless it falls outside the
zone of reasonable disagreement.  Archie v. State, 221 S.W.3d 695, 699
(Tex. Crim. App. 2007); see Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487
(2000) (reviewing denial of a mistrial for abuse of discretion when improper
question is asked and objection is sustained and instruction is given to jury
to disregard).  When the court has instructed the jury to disregard evidence or
an improper statement, the jury is presumed to have followed the instruction.  See
Hawkins, 135 S.W.3d at 77.  In determining whether a new trial nonetheless
is mandated despite the instruction to disregard, we look at the facts and
circumstances of the case to see if the trial court=s instruction
cured the presentation of objectionable matters before the jury.  See id.








Generally, a mistrial is only required when the improper
evidence is Aclearly calculated to inflame the minds of the jury
and is of such a character as to suggest the impossibility of withdrawing the
impression produced on the minds of the jury.@  Hinojosa v.
State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999) (quoting Gonzales v.
State, 685 S.W.2d 47, 48-49 (Tex. Crim. App. 1985)).  In analyzing whether
the prejudicial event is so harmful that the case must be remanded to the trial
court for further proceedings, we consider the following: (1) the prejudicial
effect, (2) the curative measures taken, and (3) the certainty of conviction
absent the prejudicial event.  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); see
Hawkins, 135 S.W.3d at 177 (adopting Mosley factors to evaluate
whether the trial court abused its discretion in denying a mistrial for
improper argument).

2.       Analysis

Appellant contends the trial court erred by refusing to
grant him a mistrial after the State, during its examination of one of its
witnesses, questioned the witness about the condition of another inmate inside
appellant=s jail tank.  During the questioning, the following
exchange occurred:

Q:      Other than the blisters on his face, what
kind of injuries did Inmate Williams suffer?

A:      He had a stab wound on his B the side of his face or his ear;
and I found out later, after finding the ballpoint pen, that he had been
stabbed by the defendant.

[DEFENSE COUNSEL]:    Objection,
Your honor, to hearsay.  He has no personal knowledge.  The only way he could
find that B discover that is from somebody
telling him.

COURT:                          Sustained.

[DEFENSE COUNSEL]:    Request an
instruction to the jury to disregard the previous answer of the witness.

COURT:                          You=re instructed, as Counsel asked,
members of the jury.

[DEFENSE COUNSEL]:    Request a
mistrial for the record at this time.

COURT:                          Denied.

 








With respect to the first Mosley factor, we do not
conclude the statement by the state=s witness to be
severe or highly prejudicial.  Appellant contends the statement had a
substantial and injurious effect on the jury=s determination of
appellant=s sentence.  He argues the prison sentence of thirty
years is a direct result of the jury hearing the improper statement concerning
appellant=s violent behavior in the jail pending trial.  We
disagree.  The jury heard ample testimony about appellant=s violent
behavior.  First, the jury heard testimony from appellant himself, who admitted
a prior conviction for committing an assault on a public servant. 
Additionally, Edward Falks, a deputy jailer, testified appellant admitted
throwing hot water on another inmate, causing severe burns, and threatened to
burn another inmate.  Because the jury heard other evidence of appellant=s prior violent behavior,
the one improper statement alone could not have had a significant prejudicial
effect on appellant=s sentence. 

Second, we determine the curative measure employed by the
trial court to be sufficient.  In most cases, an instruction to disregard
effectively cures any harm caused by improper testimony.  Hawkins, 135
S.W.3d at 84.  Furthermore, appellant makes no argument that the curative
measure was not followed in this case.  Accordingly, the second Mosley
factor is met.

Lastly, the third prong,  the certainty of conviction
absent the prejudicial event, is not relevant in this case because the improper
statement occurred during the punishment phase, after appellant had already
been convicted.  Thus appellant=s fourth issue is overruled.

D.      Did the
trial court err by allowing the State to reopen its case after it rested in
order to admit exhibits it had inadvertently forgotten to admit?

In his fifth issue, appellant contends the trial court
erred by permitting the State to reopen its case after it rested in order to
admit exhibits it had inadvertently forgotten to admit.  Appellant waived any
error by failing to get a ruling from the trial court.








After the State rested, but prior to the reading of the
Court=s charge and jury
argument, the State moved to reopen in order to admit exhibits 15 through 29. 
After taking it under advisement, the court granted the request.  Appellant
argues the trial court committed reversible error by allowing the State to
reopen its case after it rested in order to admit exhibits it had overlooked. 
The relevant portion of the record is:

[PROSECUTOR]:             Your
Honor, the State asks the Court to reopen.

[COURT]:                        Granted. 
You may reopen.

[DEFENSE COUNSEL]:    The defense
objects.

[PROSECUTOR]:             The State
tenders and offers State=s Exhibit 15, 16, 17, 18, 19, 20,
21, 22, 23, 24, 25, 26, 27, 28, 29.

[DEFENSE COUNSEL]:    We have an
objection.  We have no other objection other than our previous objection to the
Court allowing the State to reopen.

THE COURT:                   They
are admitted.

 

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1). 
Furthermore, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or that complaining party must have
objected to the trial court=s refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004).

Here, appellant objected to the State=s motion to
reopen, but the trial court did not rule on appellant=s objection. 
Appellant also failed to object to the trial court=s refusal to
rule.  Accordingly, we hold appellant did not preserve this issue for our
review.  We overrule appellant=s fifth issue.

E.      Did the
trial court err in its response to the jury asking for further instruction
during punishment phase deliberations?








In his sixth issue, appellant contends the trial court
erred in its response to the jury asking for further instruction during
punishment phase deliberations.  He urges the trial court erred in both
procedure and substance, in violation of article 36.27 of the Texas Code of
Criminal Procedure.  Appellant waived any error by failing to object at trial.

The clerk=s record contains a question the jury sent
to the trial court during punishment phase deliberations.  The question asks: AWould the
sentences on the 2 counts run concurrently?@  The trial court
answered, AMembers of the Jury: I cannot answer your question.
[Judge presiding].@  The record is otherwise silent on the
procedures followed when the trial court responded to the jury question.  The
reporter=s record contains
no reference to the trial court responding to the jury question.  Nor does
anything in the record reflect that appellant objected to the trial court=s answer to the
jury=s question.  The
record is also silent on when appellant became aware of these communications
between the trial court and the jury.

Appellant claims for the first time on appeal that the
trial court violated article 36.27 of the Texas Code of Criminal Procedure when
the jury sent out a note for further instruction.  Article 36.27 provides:

When the jury wishes to communicate with the court, it shall so notify
the sheriff, who shall inform the court thereof.  Any communication relative to
the cause must be written, prepared by the foreman and shall be submitted to
the court through the bailiff.  The court shall answer any such communication
in writing, and before giving such answer to the jury shall use reasonable
diligence to secure the presence of the defendant and his counsel, and shall
first submit the question and also submit his answer to the same to the
defendant or his counsel or objections and exceptions, in the same manner as
any other written instructions are submitted to such counsel, before the court
gives such answer to the jury, but if he is unable to secure the presence of
the defendant and his counsel, then he shall proceed to answer the same as he
deems proper.  The written instruction or answer to the communication shall be
read in open court unless expressly waived by the defendant.

 








All such proceedings in felony cases shall be a part of the record and
recorded by the court reporter.

 

Code
Crim. Proc. Ann. art. 36.27 (Vernon 2006).  Appellant argues the trial court=s answer to the
jury question constituted improper additional jury instructions which harmed him
because it left the jury Aentirely free to speculate as to the legal
effect of the sentences they were going to impose.@  Appellant
contends the record affirmatively shows the trial court did not comply with the
provisions in the Code of Criminal Procedure because the record is silent. 
This conclusion is incorrect.  The Court of Criminal Appeals has held that when
a record is silent, a presumption exists that the trial court complied with the
requirements of article 36.27.  Word v. State, 206 S.W.3d 646, 649 (Tex.
Crim. App. 2006).  Based on this presumption, appellant has procedurally
defaulted any claim that the trial court=s answer to the
jury question was improper, since nothing in the record shows that appellant
objected to the answer.  Id.  Therefore, we overrule appellant=s sixth and final
issue.[2]

Conclusion

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

/s/      John S. Anderson

Justice

 

 

Panel consists of
Justices Anderson, Frost, and Senior Justice Hudson.*

Publish C Tex. R. App. P. 47.2(b).









[1]  See the factual section above for details on
the trial court=s admonishment of appellant.





[2]  Having waived the issue, appellant=s contention that the trial court=s answer to the jury question was improper in
substance becomes moot.





*  Senior Justice J. Harvey Hudson sitting by
assignment.