**Michael Brian WORD, Appellant**

v.

**The STATE of Texas.**

**No. PD–0834–05.**

Court of Criminal Appeals of Texas.

June 14, 2006.

---

Erika Copeland, Abilene, for appellant.

Patricia K. Dyer, Asst. Dist. Atty., Abilene, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

A jury convicted appellant of a Class A misdemeanor assault offense and made an

affirmative finding of family violence.[1] The jury sentenced appellant to the maximum sentence of one year in jail and a $4,000 fine [2] with no recommendation to probate or suspend the jail time or the fine. The trial court's judgment incorporated the jury's affirmative family-violence finding by stating that appellant was convicted of "Class A Assault Family Violence."

The information alleged that Beatrice Brown was "a family member and a household member" of appellant's when appellant caused bodily injury to Brown by striking her in the face with his hand. The State presented evidence that appellant and Brown were "dating and had been staying together" when appellant came home drunk and struck Brown in the face with his hand. The jury charge instructed the jury to convict if it found beyond a reasonable doubt that appellant caused bodily injury to Brown by striking her in the face with his hand.

The verdict form, attached as Appendix A, reflects that the jury found appellant "guilty as charged." This verdict form also contains Family Code definitions of family violence and dating violence,[3] and it reflects that the jury found by a preponderance of the evidence that Brown was "subjected to family violence by" appellant. The verdict form originally asked the jury

1. See Tex. Pen.Code, § 22.01(a)(1); Tex. Pen. Code, § 22.01(b); Tex. Fam.Code, § 71.004(1).

2. See Tex. Pen.Code, § 12.21.

3. Section 71.004(1) defines family violence to mean:

[A]n act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault,

or sexual assault, but does not include defensive measures to protect oneself. . . .

Section 71.0021(a), Tex. Fam.Code, defines dating violence to mean:

"Dating violence" means an act by an individual that is against another individual with whom that person has or has had a dating relationship and that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the individual in fear of imminent physical harm, bodily injury,

to decide whether Brown was "a member of the household of" appellant. This phrase was crossed out and the hand-written phrase, "subjected to family violence by," was substituted. Appellant made no objection in the trial court to the jury's verdict.

The clerk's record also contains two questions, attached as Appendix B, that the jury sent to the trial court during its punishment-phase deliberations. These questions ask:

1. If we sentence [appellant] to a certain amount of time—what is the actual time of the sentence will he serve?

2. If [appellant] cannot pay his fine, will his fine be paid with jail time served consecutively or concurrent[ly][?]

The clerk's record contains the trial court's answers, attached as Appendix C. These answers are:

The time served varies and the decisions are made by the Sheriff's office rather than by the Court. It can be actual time or the sentence divided by three or anything between those extremes.

[Appellant] has the choice of whether to pay the fine or sit it out. If he sits it out, it is consecutively served.

The record is otherwise silent on the procedures that were followed when the trial court responded to the jury questions. The reporter's record contains no reference to the trial court responding to the jury questions. Nothing in the record reflects that appellant objected to the trial court's answers to the jury questions. The record is also silent on when appellant became aware of these communications between the trial court and the jury.

Appellant claimed for the first time on direct appeal that the trial court violated Article 36.27, Tex.Code Crim. Proc., "when the jury sent out a note for further instruction." Article 36.27 provides:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases, shall be a part of the record and recorded by the court reporter.

Appellant claimed that the trial court failed to notify him of the jury questions as required by Article 36.27 and that he, therefore, had no opportunity to object to the trial court's answers to them. Appellant asserted that all of this should have been presumed on a silent record.[4] Appel-

---

assault, or sexual assault, but does not include defensive measures to protect oneself.

**4.** Appellant claimed in his brief on direct appeal:

Because the record is silent regarding the procedure by which the court handled the notes from the jury, Mr. Word must assume that the defense was not allowed to object or submit a proposed answer to the ques-

lant also claimed that the trial court's answers to the jury questions were improper jury instructions which egregiously harmed him because they "went directly to the heart of the issue for which he was on trial" and because the jury ultimately "sentenced [him] to the maximum fine and sentence, despite the fact that he was eligible for probation and had no prior felony convictions." Appellant claimed in another point of error that the trial court erred in incorporating into its judgment the jury's family violence finding "when the jury's answer to the question propounded by the Court on the verdict form did not support that finding."

Relying on this Court's decisions in *Green v. State*[5] and *Smith v. State*,[6] the Court of Appeals presumed on the silent record that the trial court complied with the requirement of Article 36.27 that the trial court notify appellant of the jury questions. Based on this presumption, the Court of Appeals decided that appellant

procedurally defaulted any claim that the trial court's answers to the jury questions were improper since nothing in the record showed that appellant objected to them. *See Word v. State*, slip op. at 7, 2005 WL 994690 (Tex.App. No. 11–03–00403–CR— Eastland, delivered April 28, 2005).[7] The Court of Appeals did not address whether the trial court's answers to the jury questions were jury instructions that egregiously harmed appellant. The Court of Appeals also decided that the hand-written phrase in the verdict form, "subjected to family violence by," did not "negate the jury's answer to the question that appellant was a member of [Brown's] household." *See Word*, slip op. at 4–5.[8]

We exercised our discretionary authority to review these decisions. The grounds upon which we granted review state:

> The Court of Criminal Appeals decision in [*Green* ], which created a presumption that a trial court's response to a jury note was in open court and in a defen-

---

tion, because the trial court deprived the defense of that right by not notifying Mr. Word or his counsel of the notes in the first place. . . .

**5.** 912 S.W.2d 189, 192 (Tex.Cr.App.1995).

**6.** 513 S.W.2d 823, 829 (Tex.Cr.App.1974).

**7.** The Court of Appeals' opinion states:

The giving of additional instructions to a jury by the trial court without compliance with the statute requiring such communication to be in open court and in the presence of the defendant constitutes reversible error. (Citations omitted). However, the defendant must bring the error to the trial court's attention by objection or formal bill of exception. (Citation omitted). In the absence of a showing to the contrary in the record, we presume that the trial court's response was in open court and in appellant's presence. (*Citing* to *Green* and *Smith* ). The record does not show that appellant objected to the trial court's responses or perfected a bill of exception concerning the trial court's response in viola-

tion of Article 36.27. Therefore, appellant has not shown reversible error. (Citation omitted).
*See Word*, slip op. at 7.

**8.** The Court of Appeals' opinion states:

Appellant also argues that the jury did not find appellant to be a member of [Brown's] household because the wording on the jury's affirmative answer was changed. As previously noted, the words "member of the household" were marked through and the words "subjected to family violence" were inserted. The question asked of the jury was whether or not the jury found the victim to be a member of appellant's household. The altered answer still instructs the jury to find "yes" or "no" in relation to that question. The corrected language "subjected to family violence" does not negate the jury's answer to the question that appellant was a member of [Brown's] household. We find that evidence to be both legally and factually sufficient to show that appellant was a member of the victim's household.
*See Word*, slip op. at 4–5.

dant's presence, as mandated by [Article 36.27], despite no evidence on the record in support of that presumption, is an unconstitutional violation of a criminal defendant's right to a fair trial and due process rights as guaranteed by the United States and Texas Constitutions. The Court of Appeals decision herein, which relied on [*Green* ], in derogation of the mandates of Article 36.27, denied Mr. Word his fair trial and due process rights and should be reversed and rendered.

Mr. Word's equal protection and due process rights were denied by the trial court and appellate courts' affirming a judgment for the offense of Class A Assault Family Violence, when the jury's answer to the question propounded by the Court on the verdict form did not support that finding.

## ARTICLE 36.27

Appellant claims that this Court in *Green* erred to presume on a silent record compliance with the requirement of Article 36.27 that a trial court notify a defendant of jury questions. He argues:

In *Green v. State,* the Court of Criminal Appeals was faced with the argument that an appellant had no opportunity to object to the trial court's response to a jury note because "trial counsel may not have known of the note and response at all, as far as the record shows." The Court of Criminal Appeals held, that it does not decide cases based on speculation about matters not shown in the record; and, in the absence of a showing to the contrary in the record, "we presume the trial court's response was in open court and in Appellant's presence." *Id.* at 192. Mr. Word respectfully argues that the Court of Criminal Appeals,

in *Green v. State,* did exactly what it purportedly condemned, **i.e.**, decided the case based on speculation about matters not shown in the record. The statute requires the record to show all actions taken by the trial court regarding jury notes. There were jury notes in Mr. Green's case. The record is silent as to the trial court's actions regarding the notes. Had the trial court followed the mandates of the statute, there would have been a record reflecting either the fact that the court used reasonable diligence to secure the presence of the defendant and his counsel in order to allow for objection or comment to its proposed answers to the jury questions and was unable to do so; that the defense was given the opportunity to object to the proposed answers to the jury, but expressly waived that right; or, that the defense actually had some objection to the proposed answers. Because the record was silent, the only logical conclusion, based on the mandates of the statute and the facts in the *Green* case, is that the trial court in *Green, supra,* proceeded to answer the jury's questions without following the mandates of **Article 36.27.** Any other conclusion involves the very speculation the Court of Criminal Appeals denounced in its opinion in *Green.*

(**Bold** in original).

■ The requirement of Article 36.27 that a trial court notify a defendant, if possible, of a jury's questions and of the trial court's proposed answers to them is meant to provide the defendant with an opportunity to be heard and "urge objections, if any, to such [answers]." *See Edwards v. State,* 558 S.W.2d 452, 454 (Tex. Cr.App.1977).[9] We understand the federal

9. Appellant cites no authority to support a claim that he had a federal constitutional due-

process right to be heard before the trial court responded to the jury questions. Our

constitutional due-process claim presented in appellant's first ground for review to be that "waiver" of Article 36.27 requirements may not be presumed on a silent record. In other words, we understand appellant to claim that "waiver" of Article 36.27 requirements (including "waiver" of a defendant's opportunity to object to a trial court's answers to jury questions) must affirmatively appear in the record and cannot be presumed on a silent record.

■ Appellant cites no authority to support this claim. Our research indicates that the Supreme Court has never decided that federal constitutional due process principles prohibit an appellate court from presuming on a silent record a trial court's compliance with Article 36.27 requirements (including a defendant's waiver or forfeiture of any objections to a trial court's response to jury questions).[10] Appellant's federal constitutional due-process claim must, therefore, fail even if *Green* erroneously created a state-law presumption of compliance with Article 36.27 requirements on a silent record.

With respect to any state-law claims presented in appellant's first ground for review, we note that, in stating that it would not speculate about matters not shown in the record, *Green* relied on former Tex.R.App. Proc. 50(d),[11] which expressly placed the burden on an appellant to present a record showing error requiring reversal. *See Green,* 912 S.W.2d at 192. This Court in *Green* then stated that, "[i]n the absence of a showing to the contrary in the record, we presume the trial court's response was in open court and in appellant's presence" as required by Article 36.27. *See Green,* 912 S.W.2d at 192.

■ Appellant essentially claims that, when the record is silent, this Court should abandon *Green*'s presumption of a trial court's compliance with Article 36.27 requirements and adopt the opposite presumption of a trial court's noncompliance with Article 36.27 requirements. We decline to do so. *Green* is consistent with rules of procedural default and rules of appellate procedure that usually apply in cases like this. It is usually the appealing party's burden to present a record show-

---

non-exhaustive research, however, indicates that he may have had such a right. *See, e.g., United States v. Gagnon,* 470 U.S. 522, 526–27, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985); *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Lewis v. United States,* 146 U.S. 370, 371–79, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); *Larson v. Tansy,* 911 F.2d 392, 394–96 (10th Cir.1990); *United States v. Brown,* 571 F.2d 980, 984–87, 986 n. 5 (6th Cir.1978); *United States v. Alper,* 449 F.2d 1223, 1230–34 (3rd Cir.1971).

10. *See Gagnon,* 470 U.S. at 527–28, 105 S.Ct. 1482 (trial court not required to obtain defendant's express waiver of right to be present at every trial conference of which a defendant was aware and had a right to attend); *Estelle v. Williams,* 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (most constitutional rights forfeited by a failure to object); *Saldano v. State,* 70 S.W.3d 873, 888–89 (Tex.Cr. App.2002); *Marin v. State,* 851 S.W.2d 275,

279 (Tex.Cr.App.1993) (most constitutional rights forfeited by a failure to object with no requirement of express waiver in the record); *compare Carnley v. Cochran,* 369 U.S. 506, 515–16, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) (waiver of right to counsel cannot be presumed on a silent record); *also compare Estelle,* 425 U.S. at 512, 96 S.Ct. 1691 (once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney); *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (when guilty plea is entered, waiver of privilege against compelled self-incrimination, of right to trial by jury, and right to confrontation cannot be presumed on a silent record).

11. Rule 50(d) was repealed in 1997. *See Rowell v. State,* 66 S.W.3d 279, 281 n. 5 (Tex.Cr. App.2001).

ing properly preserved, reversible error. Even with the repeal of former Rule 50(d), this is entirely consistent with our decision in *Rowell,* which did not presume error from a silent record. *See Rowell,* 66 S.W.3d at 280–81. Consistent with former Rule 50(d), the partial record presented by the defendant in *Rowell* showed properly preserved, reversible error. *See Rowell,* 66 S.W.3d at 280–81. Nothing in Article 36.27 (including its second paragraph) expressly indicates a legislative intent that appellate courts should disregard usual rules of procedural default and rules of appellate procedure and presume that a defendant had no opportunity to object to a trial court's answers to jury questions when the record is silent.

■ In this case, the record appellant presented to the Court of Appeals did not show that the trial court failed to notify appellant of the jury questions or that appellant objected to the trial court's answers to the jury questions. The record presented to the Court of Appeals, therefore, required a decision that appellant procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers to the jury questions.

■ With regard to the second paragraph of Article 36.27, which, as a matter of state law, requires that all Article 36.27 proceedings in felony cases "be a part of the record and recorded by the court reporter," appellant has not preserved error with a timely objection.[12] We further note that the second paragraph of Article 36.27 applies only to felony cases and this is a misdemeanor case.[13] We, therefore, reject appellant's first ground for review.

## THE FAMILY–VIOLENCE FINDING

Appellant's federal constitutional due process claims under this ground are not very clear and are somewhat multifarious. For example, appellant's brief states that the "court should not have entered the family violence judgment because the affirmative answer of the jury did not adequately track the statutory requirements of that finding." Appellant also appears to claim that the jury's affirmative family-violence finding does not meet any of the Family Code definitions of family or dating violence. Appellant also appears to claim that the evidence is insufficient to support

**12.** We further note that this opinion is consistent with this Court's prior cases applying Article 36.27 and its statutory predecessors before and after 1965 when the Legislature added the second paragraph of Article 36.27. *See* Historical Note and Special Commentary to Article 36.27 *by Hon. John F. Onion, Jr.; compare McClellan v. State,* 118 Tex.Crim. 473, 40 S.W.2d 87, 89 (1931) (compliance with former Article 36.27 presumed in absence of contrary showing in the record) *with Smith,* 513 S.W.2d at 829 ("incumbent upon a defendant to bring the easily correctable error to the trial judge's attention by objection or formal bill of exception or the acts of the trial court are presumed consistent with" Article 36.27); *Verret v. State,* 470 S.W.2d 883, 887 (Tex.Cr.App.1971) (defendant's "eighth ground of error complains of certain written answers that the Court made in reply to a

written question from the jury. Neither the question nor the answer is in the record. The answer was presented to the appellant's counsel and he did not object to it. Nothing is presented for review.").

**13.** Our decision would not preclude appellant from raising a due-process (lack of opportunity to be heard before the trial court communicated with the jury) claim in a post-conviction habeas corpus proceeding during which appellant would have an opportunity to make a complete record to establish this claim including when he may have learned of the trial court's communications with the jury. *See* Article 11.09, Tex.Code Crim. Proc.; *also see generally Young v. State,* 137 S.W.3d 65 (Tex. Cr.App.2004) (discussing preservation of error principles).

a finding of any of these Family Code definitions.[14] Appellant also appears to claim that the jury's affirmative family-violence finding is inconsistent with what was charged in the information.

■ These claims raise the larger issue of whether the jury's family-violence finding by a preponderance of the evidence is proper.[15] The question of whether the jury's affirmative finding would sustain an increased penalty in a future prosecution of this appellant remains unanswered. The effect of the jury's response herein is not ripe for consideration, and we, therefore dismiss this ground as improvidently granted.

The judgment of the Court of Appeals is affirmed.

PRICE, J., concurred.

JOHNSON, J., filed a concurring and dissenting opinion.

WOMACK, J., not participating.

---

**14.** The evidence, as set out in the Court of Appeals' opinion, reflects:

[A witness] testified that appellant lived with [Brown] but that she was "unaware" if he lived there "full time." In [Brown's] statement which she read to the jury, [Brown] stated that appellant came "home" drunk. [Brown] testified that appellant was at her apartment "all the time" and that he "stays" with her. [Brown] further testified that appellant spent five nights a week at her house and two nights a week at his mother's house. [Brown] stated that appellant did not receive his mail at her residence but that he helped her pay the bills.

[Brown] said that she "somewhat" considered appellant to be living with her. *Word,* slip op. at 4.

**15.** *See* Article 42.013, Tex.Code Crim. Proc. (mandating affirmative finding if court determines that offense involves family violence); Tex. Pen.Code, § 22.01(b)(2), (mandating enhanced sentence based on previous conviction of an offense under Family Code Sections 71.0021(b), 71.003, or 71.005); *Hill v. State,* 913 S.W.2d 581, 583 (Tex.Cr.App.1996) (affirmative deadly weapon finding must be proved beyond reasonable doubt).

## APPENDIX A

### CAUSE NO. 2-032896

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW #2 |
| | § | |
| MICHAEL BRIAN WORD | § | TAYLOR COUNTY, TEXAS |

### VERDICT OF THE JURY

"We, the jury, find the defendant, MICHAEL BRIAN WORD, guilty as charged."

*Laura Engel*
Foreman of the Jury

"We, the jury, find the defendant, MICHAEL BRIAN WORD, not guilty."

_____
Foreman of the Jury

Family Violence means: an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury Assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault or sexual assault, but does not include defensive measures to protect oneself. Family violence includes dating violence. Dating violence is an act by an individual that is against another individual with whom that person has or has had a dating relationship and that is intended to result in physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

The term "member of a household" includes a person who previously lived in a household.

Do you find from the preponderance of the evidence that the victim, Beatrice Brown, is or was a member of the household of Michael Brian Wood

ANSWER: ___✓___ Yes, we find that Beatrice Brown was ~~a member of the household of~~ *subjected to family violence by* Michael Brian Wood

_____ No, we do not find that Beatrice Brown was ~~a member of the~~ *subjected to family violence by* ~~household of~~ Michael Brian Wood

*Laura Engel*
Foreman of the Jury

49

**True and correct copy of original filed in the Taylor County Clerks Office**

## APPENDIX B

FILED FOR RECO˙

NOV. 2 5 2003

JANICE L˙˙ ˙˙
County Clerk, Cour of Low, Taylor Cu˙

32869

1. If we sentence Michael Word to a certain amount of time - what is the actual time of the sentence will he serve?

2. If we assess a ~~fine~~ to Michael Word ~~that~~ that he cannot ~~pay~~ ~~will the time~~ ~~served (credited days) begin~~ ~~at the beginning of the days~~ ~~he's sentenced to~~

2. If he cannot pay his fine, will his fine be paid with jail time served consecutively or concurrent

True and correct
copy of original
filed in the Taylor
County Clerks Office

- 54

## APPENDIX C

*32869*

FILED FOR RECORD

NOV 2 5 2003

JANICE LYONS
County Clerk, Court at Law, Taylor Co, Texas.

_____ Dep.

The time served varies and the decisions are made by the Sheriff's office rather than by the Court. It can be actual time or the sentence divided by three or anything between those extremes.

The Defendant has the choice of whether to pay the fine or sit it out. If he sits it out, it is consecutively served.

Barbara B. Rollins, Judge Presiding

.55

True and correct
copy of original
filed in the Taylor
County Clerks Office

JOHNSON, J., concurring and dissenting.

I join the Court's opinion as to the disposition of the issue of the family-violence finding. I respectfully dissent as to the Court's ruling on the issue of the jury note.

The statute governing communications with the jury while it is deliberating, Article 36.27 of the Code of Criminal Procedure, very specifically delineates what is to happen when a jury sends a note to the trial court. The only leeway is if the trial court, "us[ing] reasonable diligence to secure the presence of the defendant and his counsel," is unable to do so; it may then "proceed to answer the [jury question] as [it] deems proper." The statute specifies that all communications must be in the record. The request must be in writing. The answer must be in writing. The written answer must be read in open court, i.e., on the record, unless expressly waived by the defendant. By its plain language, the answers must be read even if the defendant is absent; if the defendant is absent, he cannot "expressly waive[ ]" the reading.

The record is silent as to what effort was made to contact applicant or his counsel, whether contact was made, when appellant became aware of the questions and the answers. Neither does the record reveal that the jury was actually given the answers, nor does it reveal whether the prosecutor knew of the questions or was also excluded from the process. In sum, it appears that the dictates of Article 36.27 were not complied with.

We frequently recite that we will assume that the proceedings in the trial court were regular, but we usually so find on a record that at least arguably supports that position, e.g., a claim of involuntary plea is met by a record that includes a plea form that recites that the plea is voluntary.

That is not the case here. While Article 36.27 does not require that the proceedings in this misdemeanor case be recorded by a court reporter, one would expect at least a notation on the docket sheet. The record does not support a finding that the trial court complied with Article 36.27; it is merely silent. To require a defendant to object to an action he may not even be aware of is to ask too much. To require a defendant to refute a silent record in such circumstances is to require him to prove a negative—a logical impossibility.

With more information, the critical issue here—reasonable diligence to secure the presence of the defendant—is more amenable to appropriate resolution. If the trial court did not make the mandated effort to contact appellant and appellant was therefore not present when (or in this case, if) the answers were read to the jury, appellant will be denied the relief he is due because he will be held to have forfeited his claim because he did not object. Of course, if that is the case, he did not object because he did not know that the jury had asked a question. It's a Catch–22. More information is available; all that is required is a remand to the trial court so that it may set out what the record does not reveal.