IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00137-CR

 

Kevin Revell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-02646-CRF-361

 



MEMORANDUM  Opinion



 








            A jury convicted Kevin Revell of
possessing between 4 and 200 grams of methamphetamine with intent to deliver. 
The jury assessed his punishment at seventy-five years’ imprisonment.  Revell
contends in two points that: (1) the court erred by failing to comply with
article 36.27 of the Code of Criminal Procedure in its handling of three jury
notes; and (2) the court reporter failed to make a complete and accurate
reporter’s record.  We will affirm.

 

Reporter’s Record

            Regarding Revell’s second point, we
begin by noting that the reporter’s record was not filed until nine months
after its original due date.  Revell filed a motion to abate the appeal
contemporaneously with his appellant’s brief for a hearing in the trial court
to determine the completeness and accuracy of the record.  We granted that
motion.  See Revell v. State, No. 10-06-00137-CR, slip op. at 4-5 (Tex.
App.—Waco Sept. 26, 2007, order) (per curiam) (not designated for publication). 
Revell identified several deficiencies in the reporter’s record which we
directed the trial court to review.  The trial court conducted the hearing and
ordered the court reporter to file a supplemental record correcting eight
particular “inaccuracies/deficiencies.”

            Revell’s second point focuses on the
court reporter’s failure to make a record of the voir dire proceedings. 
However, after the abatement hearing, the court reporter prepared and filed a
supplemental reporter’s record containing a transcription of the voir dire
proceedings.[1]

            Our abatement order provided Revell
additional time to file a supplemental or amended brief raising any additional
issues which may have come to light after the filing of the supplemental reporter’s
record.  He declined to do so.

            Accordingly, we overrule Revell’s
second point.

 

 

Jury Notes

            Revell contends in his first point
that the court failed to comply with article 36.27 of the Code of Criminal
Procedure in its handling of three jury notes.

            Article 36.27 provides:

            When the jury wishes to communicate
with the court, it shall so notify the sheriff, who shall inform the court
thereof.  Any communication relative to the cause must be written, prepared by
the foreman and shall be submitted to the court through the bailiff.  The court
shall answer any such communication in writing, and before giving such answer to
the jury shall use reasonable diligence to secure the presence of the defendant
and his counsel, and shall first submit the question and also submit his answer
to the same to the defendant or his counsel or objections and exceptions, in
the same manner as any other written instructions are submitted to such
counsel, before the court gives such answer to the jury, but if he is unable to
secure the presence of the defendant and his counsel, then he shall proceed to
answer the same as he deems proper.  The written instruction or answer to the
communication shall be read in open court unless expressly waived by the
defendant.

 

            All such proceedings in felony cases
shall be a part of the record and recorded by the court reporter.

 

Tex. Code Crim. Proc.
Ann. art. 36.27 (Vernon 2006).

            Here, it is undisputed that the jury
sent three notes to the trial court.  The first two concerned a deadly weapon
special issue during the guilt-innocence deliberations.  The third concerned
parole law and was sent during the punishment deliberations.  These notes are
included in the clerk’s record, but the reporter’s record does not include any
reference to them or any hearing in which the trial judge advised the parties
how he intended to respond to them.  And there is nothing in the record to
indicate that the jury returned to the courtroom to receive additional
instructions from the trial court in response to these notes.

            During the abatement hearing, the
trial judge explained to the parties that he never had an opportunity to respond
to these notes because the jury returned its verdicts in each instance before
he could formulate any response.[2] 
Revell offered no evidence to refute the trial judge’s recollection.

            To establish a violation of article
36.27, the record must affirmatively show such violation.  See Word v. State,
206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006).  Here, the record establishes
that the trial judge did not violate the statute because he never answered the
jury’s notes.  Accordingly, we overrule Revell’s first point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 30, 2008

Do not publish

[CRPM]

 

 









[1]
              The court reporter did not,
however, file a supplemental reporter’s record correcting the other seven
“inaccuracies/deficiencies” identified by the trial court, but Revell has not
complained of this failure by motion or other pleading.





[2]
              Revell’s appellate counsel did
not represent him at trial and had never tried a case in this particular trial
court, so she was not familiar with how the trial judge handled this matter or
how he handled jury notes in general.