Affirmed and Memorandum Majority and Concurring Opinions filed February
3, 2009








 

Affirmed and Memorandum Majority and Concurring Opinions filed
February 3, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00756-CR

____________

 

DERRICK DEWAYNE HENDERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 1128676

 



 

M E M O R A N D U M   C O N C U R R I N G   O P I N I O N

It is proper to affirm the trial court=s judgment. 
However, in its opinion, the majority  incorrectly characterizes appellant
Derrick Dewayne Henderson=s arguments under his second issue
regarding the phone records.  The arguments asserted at trial and on appeal in
this regard lack merit.








                 Appellant=s Trial Objections
to the Phone Record Exhibits

The State offered certain phone records into evidence as
State=s Exhibit 68.  The
trial court admitted this exhibit into evidence over the following objection by
appellant:

Your Honor, we=re going to object to these
records.  Records were provided to me similar to these under a business records
affidavit; and what they were comprised of was a copy of the records, which
Detective Villareal received, as he has just testified.  Then we relied on
those records because they were filed under a business records affidavit.  The
business records affidavit was received from Sprint, or was sent to Sprint
Corporation to verify those records.  And you can tell this C you can see the records in the
Court=s file, the records that were filed
by the prosecutor=s office.  Then the business
records affidavit was faxed back to the District Attorney=s Office and put with these records
as if these records were sent to the D.A.=s Office under a business records affidavit.

Now this is what I relied on.  I have no idea what they=ve got there; but at any rate, the
affidavit, which purported to be sent with those records, were not, in fact,
sent with those records, but sent by itself and put with those records as if
they are sent under business records affidavit.  So, in other words, the
custodian of records for Sprint Corporation apparently sent the business
records affidavit under false pretenses if they had sent those records, and
those records do not have the same fax header on them that the business records
affidavit has.  So, we=re going to object to these records
being used in the trial.[1]

The State also offered certain phone records into evidence
as State=s Exhibit 69.  The
trial court admitted this exhibit into evidence over the following objection by
appellant:








Your Honor, we=re going to object
to these records, because they are hearsay.  They did not come into this court
with a business records affidavit.  This is the  business records affidavit
with to and from fax headers.  These records don=t have these same
fax records [sic] on them, so they do not belong together.  This is just
hearsay with a loose business records affidavit, so we object.

State=s Exhibit 68 is a business-records
affidavit executed on July 26, 2007, that proves the attached records are
business records of Sprint Nextel.  Attached to the affidavit is a cover letter
to an investigating police officer dated May 5, 2006, that contains phone
records.  State=s Exhibit 69 is a business-records
affidavit executed on July 24, 2007, that proves the attached records are
business records of Sprint Nextel.  Attached to the affidavit is a cover letter
to an investigating police officer dated June 5, 2006, that contains phone
records.

The objections appellant voiced in the trial court as to
these two exhibits can be summarized as follows: (1) though the State filed
business-records affidavits and served them on appellant=s counsel, the
documents attached to these affidavits are not the same as the documents
contained in the affidavits in the two trial exhibits, as shown by the alleged
fact that the records in the exhibits do not have the same Afax headers@ as the records in
the respective business-records affidavits that the State filed and served; and
(2) in the alternative, the documents attached to the affidavits in the two
trial exhibits were not attached to the respective affidavits in the trial exhibits
when the respective affiants signed them.  To the extent appellant asserts
complaints on appeal that go beyond these objections, appellant did not
preserve error in the trial court.[2]








On appeal, appellant does not present argument regarding
the former objection; however, he does argue that, because the affidavits in
the two trial exhibits were signed more than a year after the respective
attached cover letters, it is apparent that no documents were attached to these
two affidavits when they were signed.  However, this contention does not
logically follow.  If, as stated in the two affidavits, the attached letter and
enclosures are business records of Sprint Nextel, there is no reason that
affidavits proving up the status of these documents as business records could
not be signed more than a year after the letters were sent.  Our record does
not contain any evidence showing that the documents attached to the affidavits
in the two exhibits were not attached to the respective affidavits when they
were signed.  Therefore, the trial court did not abuse its discretion in
overruling the latter objection.

Even if appellant had presented appellate argument
regarding the former objection, it would lack merit.  First, our record does
not contain copies of the business-records affidavits from the trial court=s file that were
served on appellant, which appellant stated in the trial court were different
from the two affidavits in the exhibits.  Second, the affidavits in the
exhibits are copies of affidavits that were file-stamped, showing that they had
been filed in the trial court.  Because our clerk=s record does not
contain copies of any business-records affidavits filed by the State in the
trial court below, appellant has not presented this court with a record showing
the trial court=s alleged error, that is, appellant has
not presented this court with a record showing filed affidavits that differ
from the two affidavits contained in the trial exhibits.[3] 
In addition, the affidavits may have been faxed before they were signed by the
affiants.  Therefore, even if the affidavits themselves contain fax headers
different from the attached documents, that difference does not necessarily
mean that the documents were not attached to the affidavits when they were
signed.

For the above reasons, appellant=s appellate
arguments regarding State=s Exhibits 68 and 69 lack merit.








                                            The
Majority=s Analysis

The majority addresses procedural requirements of Texas
Rule of Evidence 902(10)(a) of which appellant has not complained.[4] 
The majority asserts that appellant=s argument is that
the business-records affidavit must be signed on the same day as an attached
cover letter containing the business records.  Appellant has not made this
argument.  Instead, appellant asserts that because the affidavits in the two
trial exhibits were signed more than a year after the respective attached cover
letters, no documents were attached to these two affidavits when they were
signed.  The majority also states that it finds nothing that indicates that the
telephone records lack authenticity or trustworthiness.  However, to the extent
appellant asserts in general that these records lack authenticity or
trustworthiness, appellant did not voice this complaint in the trial court. 
The two objections that appellant did raise in the trial court were specific
complaints regarding an alleged failure to follow the procedural requirements
of Texas Rule of Evidence 902(10)(a), rather than attacks on the authenticity
or trustworthiness of the telephone records.  The majority=s analysis does
not address appellant=s complaints in the trial court and on
appeal regarding the admission into evidence of the telephone records.  For
this reason, I respectfully concur in the judgment but do not join the majority=s opinion.

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of Justices Anderson
and Frost and Senior Justice Hudson.* (Anderson, J., majority).

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  The day after this exhibit was admitted, appellant=s trial counsel mentioned additional objections that
he had not voiced previously.  The trial court pointed out that these
objections were untimely because the exhibit already had been admitted. 
Because the objections on the second day could have been made before the
exhibit was admitted into evidence, the trial court was correct that these
objections were untimely.  See Ethington v. State, 819 S.W.2d
854, 858B59 (Tex. Crim. App. 1991); Jasso v. State, 112
S.W.3d 805, 813 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  The trial court did not prevent appellant from
making a record regarding his objections to the phone records, and appellant did
not object that the trial court prevented him from making a record regarding
these objections.





[2]  See Ethington, 819 S.W.2d at 858B59; Jasso, 112 S.W.3d at 813.  

 





[3]  See Word v. State, 206 S.W.3d 646, 651 (Tex.
Crim. App. 2006) (stating that, even with the repeal of former Rule of
Appellate Procedure 50(d), the general procedural default rule continues to be
that the appealing party has the burden to present a record showing properly
preserved, reversible error and that appellate courts will not presume error
from a silent record).  





[4]  See ante at p. 12.  In addition, our record
does not reflect that the State gave appellant prompt notice of the filing of
the affidavits contained in these two exhibits. This failure is not a problem
because  appellant has not complained of any alleged failure to give prompt
notice.