

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00565-CR

Rodolfo **MARTINEZ-SALINAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2009-CRP-000403-D1
Honorable Elma T. Salinas-Ender, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  November 4, 2015

AFFIRMED

A jury found appellant Rodolfo Martinez-Salinas guilty of intoxication manslaughter and three counts of intoxication assault.  Based on the jury's recommendation, the trial court sentenced Martinez-Salinas to twenty years' confinement for intoxication manslaughter and ten years' confinement on each count of intoxication assault.  The trial court ordered all sentences to run concurrently.  On appeal, Martinez-Salinas contends the trial court erred by: (1) refusing to admit into evidence the deposition of Ignacio Carrillo, who was with Martinez-Salinas at the time of the accident; (2) limiting the direct examination of a witness who at one time was an attorney for Tri-

National, Inc., Martinez-Salinas's employer; and (3) providing answers to jury communications without using reasonable diligence to secure the presence of himself and his attorney and without first submitting the answers to him and his attorney for possible objections. We affirm the trial court's judgment.

## BACKGROUND

According to witnesses at trial, while working for Tri-National, Martinez-Salinas and Ignacio Carrillo were in a Volvo tractor truck[1] when they struck a Honda Accord driven by Liz Hernandez and occupied by two young children. The impact was violent, causing the Honda Accord to swerve and strike a Challenger tractor trailer driven by Leonardo Camarillo. The Volvo tractor truck also struck the Challenger tractor trailer. Ms. Hernandez and the children were seriously injured; Mr. Camarillo, who was not wearing his seatbelt, died at the scene. Martinez-Salinas was injured and taken to the hospital; Carrillo was thrown from the tractor truck, but was relatively uninjured.

Shortly after the accident, blood samples were taken from Martinez-Salinas and Carrillo, which established Carrillo had no alcohol in his blood, but Martinez-Salinas had 0.15 grams of alcohol per 100 milliliters of blood, almost twice the legal limit of 0.08. Investigators determined Martinez-Salinas was driving the Volvo tractor truck that caused the accident, based in part on Martinez-Salinas's admission, orally and in writing on the day of the accident. However, Martinez-Salinas later retracted this admission, claiming he admitted he was the driver only to protect Carrillo, his sister's boyfriend.

After a jury found Martinez-Salinas guilty on all counts, and the trial court sentenced him in accordance with the jury's recommendations, Martinez-Salinas perfected this appeal.

---

[1] We refer to the vehicle as a "tractor truck" because no trailer was attached to it.

ANALYSIS

Martinez-Salinas raises three issues challenging his conviction. Two of the issues concern the trial court's refusal to admit certain evidence. The third issue pertains to the trial court's responses to two jury communications. We will address each challenge in turn.

## 1. EVIDENTIARY ISSUES

In his first two issues, Martinez-Salinas contends the trial court erred by: (1) refusing to admit into evidence the deposition of Carrillo, who Martinez-Salinas ultimately alleged was driving the Volvo tractor truck at the time of the accident; and (2) limiting examination of an attorney who represented Tri-National for a brief time during the civil litigation.

### Standard of Review

An appellate court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). "Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement." *Cameron*, 241 S.W.3d at 19; *see Martinez*, 327 S.W.3d at 736. An appellate court may not reverse a trial court's decision to admit or exclude evidence solely because the court disagrees or would have decided the matter differently. *See Cameron*, 241 S.W.3d at 19.

### Application

**Carrillo Deposition:**

In his first issue, Martinez-Salinas contends the trial court erred by refusing to admit into evidence the deposition of Carrillo, which was taken during the civil litigation arising from the accident. Specifically, Martinez-Salinas argues the trial court should have admitted the deposition as a prior inconsistent statement because Martinez-Salinas's entire defense was based on his

contention that Carrillo was driving at the time of the accident.[2]  Therefore, Martinez-Salinas contends the trial court's refusal to admit his deposition testimony was "crippling to the defense."

During Carrillo's testimony at trial, he denied driving the tractor truck at the time of the accident, testifying instead that Martinez-Salinas was driving.  During cross-examination, trial counsel for Martinez-Salinas asked Carrillo if he remembered "giving deposition testimony at a lawyer's office."  Carrillo said he did not.  Counsel inquired further, specifically asking if Carrillo remembered "showing up on September 9th of 2008 and talking to a lawyer Sandra Laurel."  Again, Carrillo stated he did not remember.

Subsequently, Martinez-Salinas's counsel offered for admission into evidence Carrillo's deposition from the civil litigation.  At a bench conference, counsel stated the deposition was being offered to refute any potential hearsay objection as a prior inconsistent statement.  Counsel stated:

> And this particular exhibit, Your Honor, is being offered under Rule 801, which says that the statement isn't hearsay because it's inconsistent with the declarant's testimony.  He already denied giving any deposition testimony.  He already denied giving any deposition whatsoever, and so this statement is inconsistent with his testimony.  It was given under oath, subject to the penalty of perjury at a trial hearing or other proceeding or in a deposition, and so it's admissible as not being hearsay.

In response, the State objected to admission of the deposition in its entirety, arguing the deposition could not be admitted as a whole simply because it is sworn testimony.  The State argued that only portions of the deposition that were inconsistent with any trial testimony could be admitted.  The trial court sustained the State's objection and advised Martinez-Salinas's counsel that he would "have to go point by point."

---

[2] Although Martinez-Salinas also refers in his brief to other rules of evidence — specifically Rule 803(5), recorded recollection exception to the hearsay rule, and Rule 804(a) and (b), former testimony exception to the hearsay rule — he provides no argument or analysis with regard to the application of these rules in this case.  Rather, Martinez-Salinas merely quotes the rules in the "Summary of the Argument" portion of his brief.  Therefore, any argument to be construed from Martinez-Salinas's reference to Rules of Evidence 803(5) and 804(a) and (b) will not be addressed as insufficiently briefed.  *See* TEX. R. APP. P. 38.1.

Martinez-Salinas's counsel continued his cross-examination of Carrillo. Again, counsel asked if Carrillo remembered giving deposition testimony related to the accident. Carrillo responded, stating "If I did, sir, I might did, but I don't remember. It's been a long time." Counsel pressed, asking, "So your [sic] saying that it — that it didn't happen or that you don't remember giving your testimony." Carrillo specifically stated, "I didn't say it didn't happen. It might happen, but I don't remember. It's been a long time." Upon subsequent examination with regard to whether he remembered giving specific statements during a deposition, Carrillo at times gave testimony suggesting he remembered giving a deposition, but claimed he could not remember answering any of the specific deposition questions posed by Martinez-Salinas's counsel.

Under Texas Rule of Evidence 802, hearsay is not admissible evidence. TEX. R. EVID. 801(d), 802. Texas Rule of Evidence 801(e)(1)(A) provides an exemption to the hearsay rule, stating, a witness's prior statement is not hearsay if he "testifies at the trial … and is subject to cross-examination concerning the [prior] statement, and the statement is: (A) inconsistent with the declarant's testimony, and was given under oath ...." TEX. R. EVID. 801(e)(1)(A). Thus the Rule 801 exemption, when applied in conjunction with Rule 802, allows admission of only those portions of the deposition that were inconsistent with Carrillo's trial testimony. *See* TEX. R. EVID. 801(e)(1)(A), 802.

Despite the trial court's admonition, Martinez-Salinas's counsel failed to designate any specific deposition statement that was inconsistent with Carrillo's trial testimony. Counsel did not request that the trial court admit into evidence any specific inconsistent deposition statement. Counsel simply requested admission of the entire deposition taken in the civil litigation. Based upon counsel's failure to follow the directive of Rule 801(e)(1)(A), the trial court did not abuse its discretion by denying admission into evidence of Carrillo's entire deposition.

Second, Rule 801(e)(1)(A) applies to statements made under oath that are inconsistent with trial testimony. Martinez-Salinas's counsel sought to admit Carrillo's deposition into evidence as proof that he gave a deposition. As a whole exhibit, the deposition does not fall within the ambit of Rule of Evidence 801 and 802. In addition, the record reveals Carrillo did not deny that he gave a deposition in the civil litigation. Rather, counsel for Martinez-Salinas asked Carrillo if he could *remember* giving a deposition, and Carrillo stated he could not remember giving a deposition in the civil litigation. Therefore, Carrillo did not make an inconsistent statement under oath.

Under these facts, Carrillo did not give any specified inconsistent statement at trial to initiate Rule 801(e)(1)(A). On this basis, the trial court did not abuse its discretion by denying admission of Carrillo's deposition as a prior inconsistent statement.

We therefore overrule Martinez-Salinas's first issue.

**Attorney Deposition:**

In his second issue, Martinez-Salinas contends the trial court erroneously limited his counsel's cross-examination of an attorney who, for a time during the civil litigation, represented Tri-National, Inc., the company that employed Martinez-Salinas and Carrillo. Martinez-Salinas contends the trial court erred by refusing to allow him to ask the attorney about certain statements Carrillo allegedly made to her a few days after the accident, which he asserts are inconsistent with Carrillo's trial testimony. In his brief, Martinez-Salinas, again, cites to Rule 801(e)(1)(A), the prior inconsistent statement exemption from the hearsay rule, provided in rule 802. *See* TEX. R. EVID. 801(e)(1)(A), 802. However, at trial, Martinez-Salinas argued only that the statements (those he now references in his brief) were admissible "[t]o impeach the testimony of Ignacio Carrillo. . . ."

We have reviewed Martinez-Salinas's brief with regard to this issue and hold it presents nothing for our review because it is inadequately briefed. In the portion of the brief relating to this

issue, which comprises two pages, Martinez-Salinas: (1) states the issue — as set out above; (2) cites Rule 801(e)(1)(A) of the Rules of Evidence and a single case which holds that prior inconsistent statements that constitute hearsay may be admitted for purposes of impeachment with proper limiting instructions; and (3) sets out a list of six statements he contends Carrillo made to the attorney during a post-accident interview, statements he contends he should have been permitted to ask about for purposes of impeaching Carrillo. Martinez-Salinas provides a single record citation to his "bill of review," which is comprised of twenty-nine statements under the title "Summary of Interview of Ignacio Carrillo" and describes the document as statements made by Carrillo to the attorney a few days after the accident.

However, Carrillo provides no argument or analysis within this issue. Carrillo provides no argument to show the trial court's ruling was an abuse of discretion. Martinez-Salinas simply provides a list of statements which he summarily concludes he should have been permitted to question the witness-attorney about. Martinez-Salinas does not provide argument as to how or whether these statements are inconsistent with Carrillo's trial testimony or how they would impeach him. Martinez-Salinas provides no citation to the record to establish Carrillo testified contrary to the referenced statements.

Rule 38.1(i) of the Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. Thus, Rule 38.1(i) requires Martinez-Salinas to provide this court with a discussion of the facts and the authorities relied upon. *See id.* Martinez-Salinas fails to analyze the issue as intended by the rule. The brief, conclusory statements provided do not satisfy the briefing requirements of Rule 38.1. *See id.* Although we must construe briefing requirements liberally and reasonably, a party asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support his contentions. *See*

*Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000). When the appellant fails to discuss the evidence supporting his claim or apply the law to the facts, he presents nothing for review. *See id*.

We therefore hold Martinez-Salinas has waived this issue due to his failure to comply with Rule 38.1(i).

Even if Martinez-Salinas properly presented appellate argument for review, any point of error utilizing this challenge would fail. To fall within the mandates of Rule 801(e)(1)(A), an alleged prior inconsistent statement sought to be admitted must have been "given under penalty of perjury at a trial, hearing, or other proceeding—except a grand jury proceedings—or in a deposition." TEX. R. EVID. 801(e)(1)(A)(ii). The statements referred to by Martinez-Salinas in this issue were made by Carrillo during an interview with his employer's attorney and the employer's terminal manager. Thus, Rule 801(e)(1)(A)(ii) is inapplicable. For this reason, Martinez-Salinas's argument would fail on the substantive merits.

## 2. JURY COMMUNICATION ISSUE

Relying upon Article 36.27 of the Texas Code of Criminal Procedure, Martinez-Salinas contends the trial court erred when, during jury deliberations, it: (1) answered two questions from the jury without first using reasonable diligence to secure the presence of Martinez-Salinas and his attorney and without first submitting the questions and answers to Martinez-Salinas and his counsel for possible objections; and (2) failed to read the answers to the questions in open court and without his express waiver.[3]

During deliberations, the jury sent out a note to the trial court asking the court if it could "see the deposition by [the attorney for Tri-National, Inc.] for possible review if possible."

---

[3] Although Martinez-Salinas states the trial court answered two jury communications and responses, in the argument portion of his brief, he references only a single jury communication and response. Accordingly, this Court will address only the single communication identified in the brief.

According to Martinez-Salinas, the note was referring to Carrillo's deposition, which the trial court refused to admit into evidence. In response, the trial court advised the jury in writing that "[a]ll of the exhibits that were admitted into evidence have been provided to you. Please continue your deliberations." The jury's note and the trial court's response appear in the clerk's record; there is no mention of the note or response in the reporter's record.

Article 36.27 provides that if the jury desires to communicate with the court, it may do so in a writing prepared by the foreman and submitted to the court through the bailiff. TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006). The Article provides that when responding, the trial court "shall answer any such communication in writing," but before doing so "shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question" and the trial court's proposed answer to the defendant and his counsel for potential objections and exceptions. *Id.* However, if the trial court is unable to secure the presence of the defendant and his counsel, it may answer the jury's question as it deems proper. *Id.* The Article further states the communication "shall be read in open court unless expressly waived by the defendant," and this reading should be recorded by the court reporter. *Id.*

The Texas Court of Criminal Appeals' decision in *Word v. State*, 206 S.W.3d 646 (Tex. Crim. App. 2006), is directly on point and disposes of this issue. In *Word*, the clerk's record included two written questions propounded by the jury to the trial court and the trial court's written responses to those questions. *Id.* at 648. The record was silent on the procedures used by the trial court in responding to the questions. *Id.* The reporter's record included no reference to the questions or the trial court's response, and nothing in the record reflected whether the appellant objected to the trial court's answers or even when the appellant became aware of the communications between the trial court and the jury. *Id.*

On direct appeal, the appellant argued for the first time that the trial court violated the mandates of Article 36.27, by failing to notify him of the questions propounded by the jury and that he, therefore, had no chance to object to the trial court's answers to the questions. *Id.* The court of appeals, relying on prior decisions from the Texas Court of Criminal Appeals, "presumed on the silent record" that the trial court complied with Article 36.27 and therefore held the appellant "procedurally defaulted on any claim that the trial court's answers to the jury questions were improper since nothing in the record showed that appellant objected to them." *Id.* (citing *Word v. State*, No. 11-03-00403-CR, 2005 WL 994690, at \*7 (Tex. App.—Eastland Apr. 28, 2005)).

On petition for discretionary review, the appellant argued that when the record is silent, appellate courts should presume the trial court failed to comply with Article 36.27. *Id.* at 651. The court declined to adopt this position, relying on its previous decision in *Green v. State*, 912 S.W.2d 189 (Tex. Crim. App. 1995). *Word*, 206 S.W.3d at 651–52. Rather, the court held that its decision in *Green*, that "[i]n the absence of a showing to the contrary in the record, we presume the trial court's response was in open court and in appellant's presence" as required by Article 36.37, is consistent with rules of appellate procedure that generally require the complaining party to present a record showing properly preserved, reversible error. *Id.* (quoting *Green*, 912 S.W.2d at 192). Accordingly, because the record in *Word* did not affirmatively establish the trial court failed to comply with the requirements of Article 36.27, the Court of Criminal Appeals held the appellant "procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers to the jury questions." *Id.* at 652. With regard to the reporter's failure to report the proceedings, the court held the appellant failed to preserve any error with an objection. *Id.* Thus, in *Word*, the Texas Court of Criminal Appeals reiterated its' holding that an appellate court will presume the trial court complied with Article 36.37 in the absence of a record to the contrary. *See id.*

Here, as in *Word*, the record is silent as to whether the trial court complied with the mandates of Article 36.27, and there is nothing in the record to show Martinez-Salinas objected to the reporter's failure to report as set out in the article. Following *Word*, this court must presume the trial court's response to the jury communication was in open court and in Martinez-Salinas's presence. On this basis, Martinez-Salinas "procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers to the jury questions." *See id.* at 651–52.

## CONCLUSION

For the reasons stated, we overrule Martinez-Salinas's issues raised on appeal. Accordingly, we affirm the trial court's judgment.

Jason Pulliam, Justice

Do No Publish