

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00140-CR

---

VINCENT RAY JACKSON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 32nd District Court
Nolan County, Texas
Trial Court No. 12317, Honorable Glen Harrison, Presiding

---

October 16, 2018

## CONCURRING and DISSENTING OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

I join with the majority's opinion save for its disposition of the attorney's fees issue.

Appellant requested appointed counsel before trial and on appeal. The trial court found that appellant did "not meet the indigency standards of this court" in both instances, but, in both instances, it appointed counsel for appellant in the "interest of justice." So too did it find, in both instances, that:

> The Defendant is ORDERED to immediately report to the Office of Court Collections and make payments of at least $50.00 per month toward their court appointed attorney fee; total payments not to exceed $500.00.

If the trial court decides that one requesting appointed counsel has the financial resources enabling him to offset in whole or in part the costs of the legal services provided him, that court is required to order him to pay, as court costs, the amount that it finds the defendant is able to pay. *See* TEX. CODE CRIM. PROC ANN. art. 26.05(g) (West Supp. 2018); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). To this I add the definition of "indigent" provided us by our Court of Criminal Appeals. In *Whitehead v. State*, 130 S.W.3d 866 (Tex. Crim. App. 2004), we were told that a defendant is indigent if "he is financially 'without the means to employ counsel' of his choosing." *Id.* at 878 (quoting TEX. CODE CRIM. PROC ANN. art. 26.04(o)). These statutes and definition, coupled with the deferential standard of review we must accord the trial court's factual determinations, *see Whitehead*, 130 S.W.3d at 876 (stating that "[a]lthough the standard of review for a trial court's determination of indigence is not as deferential as the standard in *Ross*, deference is still a part of the standard"), led me to the following conclusion. The trial court implicitly found that 1) appellant had some financial means or resources with which to employ counsel; 2) those means, however, were not enough to pay for the entire cost of counsel; and 3) the financial resources he did have enabled him to pay at least $50 per month, not to exceed $500. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (stating that, when deciding if a trial court abused its discretion, we presume that all reasonable factual findings that could have been made against the losing party were made). Thus, the trial court was obligated by article 26.05(g) and *Mayer* to order payment of the amount appellant could pay.

In short, I disagree with the majority's conclusion that a finding of "'not indigent' is not the same as a finding that one has the present ability to pay, in whole or in part, the

2

sum assessed." Finding that a defendant is not indigent while requiring the defendant to pay a particular amount to reimburse the cost of an appointed counsel is comparable to finding that the defendant had the financial resources to pay the sum assessed. So, the trial court was obligated to require such payment.

As for the suggestion that no evidence of record demonstrates that appellant's "present financial resources were sufficient to meet that standard," I cannot disagree. The current appellate record before us has no such evidence. Yet, that does not mean the trial court had no evidence before it to support the findings of non-indigency and an ability to pay some of the cost. One may say that this sounds like legal "hair-splitting" and it may well be. But, is that not our job (rhetorical question)? And does resolution of disputes not often call for splitting hairs (again, rhetorical)?

The burden lies on an appellant to provide the reviewing court with an appellate record sufficient to illustrate his entitlement to reversal. *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006) ("It is usually the appealing party's burden to present a record showing properly preserved, reversible error."). Aspects of the record before the trial court involving issues about which he does not complain need not be included in the appellate record. Indeed, including unnecessary items in the record may result, in some situations, in the party receiving a bill for including them. *See* TEX. R. APP. P. 34.5(b)(3) (stating that in civil cases, if a party requesting more items than necessary to be included in the clerk's record or any supplement, an appellate court may require that party to pay the cost for including the unnecessary items). Here, appellant did not complain on appeal about the trial court's assessment of attorney's fees as part of the cost or its finding on non-indigency. So, he had no reason to request that the appellate record include

3

evidence tendered in support of his application for appointed counsel and apparent contention below that he lacked the means to hire an attorney. Yet, such evidence most likely exists, and it was most likely considered by the trial court.

As a prerequisite to obtaining appointed counsel, appellant was required to complete a questionnaire, under oath, detailing his financial resources and undergo examination by a judge or magistrate when requesting appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.04(n) (West Supp. 2018) (so requiring); *Whitehead*, 130 S.W.3d at 873 (same). He was also obligated to execute, under oath, a statement that he was without means to employ counsel. TEX. CODE CRIM. PROC. ANN. art. 26.04(o); *Whitehead*, 130 S.W.3d at 873. The information contained in these mandatory items along with the data acquired through questioning would provide the trial court the fodder upon which to decide whether he was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(m) (stating that, when determining indigence, the court may consider the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income that is available to the defendant); *Whitehead*, 130 S.W.3d at 875 (stating the same).

Given these statutory prerequisites, I cannot but conclude that it was much more likely than not that the trial court had evidence before it when deciding whether appellant was indigent. That evidence would determine the accuracy of the trial court's findings. More importantly, it would be that evidence which we must consider before concluding that the trial court's findings lacked evidentiary support. As said in *Whitehead*, an appellate court's review of the record itself is generally limited to the evidence before the trial court "***at the time of the trial court's ruling***." *Whitehead*, 130 S.W.3d at 872

4

(emphasis added). This is nothing short of mandating that our assessment of the accuracy of the trial court's factual finding regarding indigence be focused on the evidence before the court when it found appellant to be non-indigent and able to pay up to $500. Yet, such evidence is not part of the current record. Nor was supplementation of the current record sought to provide it or determine whether it actually existed. *See* TEX. R. APP. P. 34.4(c) (stating that relevant items omitted from the clerk's record may be included in a supplemental clerk's record); TEX. R. APP. P. 34.6(d) (stating the same but with regard to the reporter's record). Due to these circumstances, I cannot join in the majority's conclusion that the trial court's findings had no evidentiary support.

For the reasons stated above, I would simply reduce the amount of attorney's fees assessed to reflect the trial court's actual determination. I would modify the judgment to reflect that appellant had an obligation to pay attorney's fees of $500.

Brian Quinn
Chief Justice

Publish.

5