

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00022-CR

ERIK CASTRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2023B-022, Honorable David Gleason, Presiding[1]

November 6, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pursuant to an open plea agreement, Appellant Erik Castro, was convicted of injury to a child (Count 1) and assault on a family member by impeding breath or circulation (Count 2) with an affirmative finding on use of a deadly weapon.[2] Punishment was assessed by a jury at confinement for six years on each count and a $10,000 fine. The

---

[1] Sitting by assignment.

[2] TEX. PENAL CODE §§ 22.04, 22.01.

sentences were ordered to run concurrently. By a single issue, he asserts the trial court erred in answering a jury question without allowing or advising defense counsel or the Appellant an opportunity to respond in violation of article 36.27 of the Texas Code of Criminal Procedure. We affirm.

## BACKGROUND

Appellant's wife observed him abusing one of their infant twins on a baby monitor while she was at work. When she confronted Appellant, he initially denied the accusation then later changed his denial. He was charged and pled guilty to a two-count indictment without an agreement on punishment and was sentenced by a jury. His conviction included an affirmative finding on use of his hands as a deadly weapon.

During deliberations, the jury sent the following note asking the trial court as follows: "Do we sign both the prison & probation?" The trial court answered as follows: "Yes. 1st assess punishment then decide probation. Also answer Special Issues."

## APPLICABLE LAW

Article 36.27 of the Texas Code of Criminal Procedure provides as follows:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel for objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court give such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction

2

or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

TEX. CODE CRIM. PROC. art. 36.27.

## ANALYSIS

By his sole issue, Appellant asserts the trial court's violation of article 36.27 implicates reversible error. We disagree.

When the record is silent regarding compliance with article 36.27, we apply a presumption of regularity. *See Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006). *See also Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). In the underlying case, the record is silent on whether the process set forth in article 36.27 was followed. Neither does the record show how or when defense counsel or Appellant learned of the communication between the trial court and jury. The communication is first addressed in an assertion in Appellant's motion for new trial.[3] In applying the presumption of regularity, which is not rebutted by the record, we cannot conclude the trial court violated article 36.27.[4] Appellant's sole issue is overruled.

---

[3] There was no hearing on the motion. Neither does the record show the motion was presented to the trial court within ten days of being filed. TEX. R. APP. P. 26.1. Merely filing the motion is not sufficient to preserve error. *See Albert v. State*, No. 07-24-00410-CR, 2025 Tex. App. LEXIS 6698, at *3–4 (Tex. App.—Amarillo Aug. 27, 2025, pet. filed) (mem. op., not designated for publication).

[4] We note the trial court's answers to the jury's questions were simply repetitious of the instructions set forth in the punishment charge. Paragraph 4 of the punishment charge instructed the jury to "let your verdict show the punishment that you assess and whether you do or do not recommend probation." Paragraph 10 instructed the jury to "complete the appropriate form attached hereto and have your presiding juror sign . . . ." The trial court's communication further directed the jury to "answer Special Issues." None of the court's answers constitute an additional instruction on the law or some aspect of the case.

**CONCLUSION**

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

4