

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00185-CR

---

FREDRICK EUGENE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47,613-B

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After Frederick Eugene Williams was arrested for criminal trespass at a McDonald's restaurant in Longview, Officer David Cheatham transported him to the Longview Police Department (LPD). During the eighteen-minute transport, Williams threatened, inter alia, to blow Cheatham's head off, to beat him to death, and to put a bullet in his head. As a result, Williams was convicted by a jury, as indicted, for the offense of retaliation[1] and was sentenced to fifteen years' imprisonment.[2]

On appeal, Williams complains that (1) his arrest and detention were illegal, (2) his post-arrest threats were protected speech because of the arresting officers' abuse of authority, (3) insufficient evidence supports his conviction, (4) the trial court reversibly erred in admitting an in-car recording, and (5) the trial court's response to a jury note was an impermissible comment on the weight of the evidence. We find that (1) Williams failed to preserve his complaints (a) regarding his arrest and detention, (b) that his post-arrest threats were protected speech because of the officers' alleged abuse of authority, and (c) regarding the trial court's response to a jury note; (2) sufficient evidence supports his conviction; and (3) the trial court did not abuse its discretion by admitting the recording. However, we modify the trial court's nunc pro tunc judgment to reflect the correct district court, and we affirm the trial court's judgment, as modified.

---

[1]*See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A).

[2]Williams' punishment was enhanced because of a prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(a).

## I. Preservation of Error

Generally, to preserve a complaint for appellate review, the complaining party must have made a timely request, objection, or motion in the trial court that "stated the grounds for the ruling that the complaining party sought . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and obtain a ruling or a refusal to rule on the complaint by the trial court. TEX. R. APP. P. 33.1(a). Almost all error, even constitutional error, may be forfeited if not asserted in the trial court. *See Reyna v. State*, 168 S.W.3d 173, 177–79 (Tex. Crim. App. 2005).

Although Williams has stated his first and second issues separately, they are dependent on each other, and he combines his argument concerning them. As we understand his argument, Williams asserts that Cheatham had no probable cause to arrest him for criminal trespass, and therefore his initial arrest was unlawful. Since there was no probable cause to arrest him, he argues, Cheatham abused his authority when he forcibly confined and restrained Williams. Consequently, he concludes, the threats that he made against Cheatham while he was restrained and under arrest were protected speech since they were a protest against the unlawful use of authority.

However, Williams did not preserve these complaints by presenting them to the trial court. He did not challenge the legality of his initial arrest or Cheatham's abuse of authority in a motion to suppress, and he made no objection to the admission of testimony or other evidence of his threats against Cheatham based on the illegality of his arrest or Cheatham's abuse of authority. *See*

3

*Davidson v. State*, 422 S.W.3d 750, 754 (Tex. App.—Texarkana 2013, pet. ref'd).[3] Williams also never asserted that the threats were protected speech as a protest against an unlawful arrest and abuse of authority. Consequently, Williams has not preserved these complaints for our review. *See* TEX. R. APP. P. 33.1(a). We overrule Williams' first and second issues.

Williams also complains in his fifth and sixth issues that that the trial court committed reversible error when it made an impermissible comment on the weight of the evidence in its response to a jury note. During jury deliberations, the jury sent a note requesting another verdict form. After a discussion with the State and Williams, the trial court proposed to respond, "The verdict form you have is the official verdict. Please make any corrections you deem necessary to make sure the verdict form reflects your correct verdict." When asked if there was any objection, Williams responded, "That sounds good." Thus, at trial, Williams agreed with the trial court's proposed response. When a party agrees with a trial court's proposed response to a jury note, it procedurally defaults any claimed error in the trial court's answer to the jury note. *See Word v. State*, 206 S.W.3d 646, 652 (Tex. Crim. App. 2006); *Green v. State*, 912 S.W.2d 189, 193 (Tex. Crim. App. 1995). Therefore, Williams has presented nothing for our review. We overrule Williams' fifth and sixth issues.

## II.     Sufficient Evidence Supports the Jury's Verdict

In his third issue, Williams complains that the jury's verdict was not supported by legally sufficient evidence. In evaluating legal sufficiency, we review all the evidence in the light most

---

[3]While having no precedential value, we may take guidance from unpublished cases "as an aid in developing reasoning that may be employed." *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

In drawing reasonable inferences, the jury "may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life." *Duren v. State*, 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet. struck) (citing *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). Further, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and it may "believe all of a witnesses' testimony, portions of it, or none of it." *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014). We give "almost complete deference to a jury's decision when that decision is based on an evaluation of credibility." *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

In our review, we consider "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common

design to do the prohibited act." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). It is not required that each fact "point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). Further, "we must consider all the evidence admitted at trial, even if that evidence was improperly admitted." *Fowler v. State*, 517 S.W.3d 167, 176 (Tex. App.—Texarkana 2017), *rev'd on other grounds by* 544 S.W.3d 844 (Tex. Crim. App. 2018) (citing *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004)).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. Under its indictment and the applicable statute, the State was required to prove beyond a reasonable doubt that Williams (1) intentionally or knowingly (2) threatened Cheatham (3) by an unlawful act, to wit, capital murder, murder, aggravated assault, or assault against a peace officer, (4) in retaliation for or on account of (4) the service or status of Cheatham,

6

(5) who Williams knew was a public servant, namely a peace officer employed by the City of

Longview. *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A).

In his argument, Williams does not challenge the sufficiency of the evidence to support the

jury's implied finding that the State proved each of the elements required by Section 36.06 beyond

a reasonable doubt.[4]  Rather, Williams relies on his first and second issues to argue that his threats

were justified because of his unlawful arrest and Cheatham's alleged abuse of his authority.

The Texas Penal Code states,

> The threat of force is justified when the use of force is justified by this chapter.  For the purposes of this section, a threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force.

TEX. PENAL CODE ANN. § 9.04.  The Texas Court of Criminal Appeals has held, "Section 9.04 is

not a separate statutory defense; rather, it is incorporated into the law of self defense." *Gamino v.*

*State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017).  Therefore, if the evidence at trial showed

that Section 9.04 applied, then Williams would have been entitled to an instruction on self-defense

under Section 9.31 of the Texas Penal Code.[5]  *See id.*  However, even if Williams would have been

entitled to an instruction on self-defense, the trial court has no duty to include an instruction on a

---

[4]The evidence at trial showed that Cheatham was wearing his LPD uniform when he responded to the criminal trespass complaint at the McDonald's restaurant.  After Williams was arrested for criminal trespass and placed in Cheatham's marked patrol vehicle, he began cursing and spitting all over the backseat area of the vehicle.  During his transport to the LPD, Williams made a number of threats against Cheatham, including "You better hope I don't find out where you live," "I'm going to blow your goddamn head off,"  "I'll spit in your face," and "[I'll] beat your bitch ass to death."  In referring to Cheatham's family, Williams told him, "I'll round all you bitches up and put a bullet in all you bitches' head."  He also said he might pay someone to shoot Cheatham and told him, "Your better hope your car is bulletproof."  We find this evidence legally sufficient to support the jury's verdict.

[5]*See* TEX. PENAL CODE ANN. § 9.31.

7

defensive issue unless requested by the defendant. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013).

If an instruction on self-defense is requested and given by the trial court, then this defensive issue would be included in the jury's deliberation,[6] and we would include it in our sufficiency analysis. *See Braughton*, 569 S.W.3d at 608–09 (explaining the framework for evaluating a claim of insufficient evidence when the defendant claims self-defense). However, in this case, Williams did not request an instruction on self-defense, and the trial court did not include such an instruction sua sponte. Consequently, the jury was never asked to consider self-defense as part of its deliberations, and we may not include it as part of our sufficiency analysis.

Because Williams only challenges the sufficiency of the evidence regarding his Section 9.04 defense, which was not asserted at trial, and since we find that sufficient evidence supports the jury's verdict, we overrule Williams' third issue.

## III.    The Trial Court Did Not Abuse its Discretion by Admitting the In-Car Recording

In his fourth issue, Williams complains that the trial court abused its discretion by admitting Cheatham's in-car recording of Williams' transport to the LPD. The in-car recording shows Williams frequently spitting inside the car, constantly cursing Cheatham, and making the threats against Cheatham and his family as set forth in footnote 4. It also shows Cheatham's reactions to Williams' words and actions. Williams argues that admitting the video recording into evidence

---

[6]"[T]he issue of self-defense is an issue of fact to be determined by the jury." *Braughton v. State*, 569 S.W.3d 592, 609 (Tex. Crim. App. 2018).

8

was unfairly prejudicial and that it should have been excluded under Rule 403 of the Texas Rules of Evidence.[7]

A trial court's Rule 403 determination is reviewed for an abuse of discretion. *Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013). "[A] trial court does not abuse its discretion when it admits or excludes evidence pursuant to Rule 403 so long as its decision is within the zone of reasonable disagreement." *James v. State*, 555 S.W.3d 254, 260 (Tex. App.—Texarkana 2018, pet. dism'd, untimely filed) (citing *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009)).

In our analysis of the trial court's ruling under Rule 403, we should consider (1) how compellingly the evidence tends to make a fact of consequence more or less probable, (2) the potential that the evidence will impress the jury in some irrational but indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the extraneous-offense evidence. *Id.* (citing *Hartsfield v. State*, 305 S.W.3d 859, 873 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002))). "Rule 403 favors admissibility, and 'the presumption is that relevant evidence will be more probative than prejudicial.'" *Id.* (quoting *Montgomery*, 810 S.W.2d at 389). Only if the danger of unfair prejudice substantially outweighs the probative value of the evidence will we find that the trial court abused its discretion in admitting the evidence. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

---

[7]*See* TEX. R. EVID. 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by, inter alia, unfair prejudice).

In this case, the State needed to show that Williams made the threats against Cheatham as it had alleged. Williams' defensive argument at trial was that his threats were the result of Cheatham and other officers forcefully detaining him, taunting him, and escalating an already stressful situation. Since all of Williams' threats were made while he was alone with Cheatham, the State needed the in-car recording to confirm not only Cheatham's testimony, but to refute Williams' defensive theory. Also, allowing the jury to hear a recording of the threats actually spoken by Williams compellingly demonstrated the nature and extent of those threats. Further, the recording was only approximately eighteen minutes long, so the State did not expend an inordinate amount of time in developing this evidence. Finally, although the recording shows Williams spitting in the car and cursing Cheatham, it is unlikely that a rational jury would not be able to separate Williams' conduct from his threats in its consideration of the indicted offense.

Williams does not challenge the probative value and the admissibility of the video recording of his threats, or the State's need for this evidence. Rather, he focuses his argument on the fact that the recording also showed Williams spitting and cursing the officer. He argues that the jurors would have been shocked by that behavior and that his threats would have become inextricably bound up with that other conduct. While we agree that his behavior was offensive, we believe the danger that it impressed the jury in an irrational and indelible way was slight.

Based on this record, we find that the danger of unfair prejudice did not substantially outweigh the probative value of the recording. Therefore, we find that the admission of the recording by the trial court was within the zone of reasonable disagreement and that the trial court did not abuse its discretion. We overrule Williams' fourth issue.

10

**IV.    Modification of the Judgment**

The clerk's record shows that the indictment and all of the pleadings and discovery in this case were filed in the 124th Judicial District Court, but that the Honorable David Brabham, judge of the 188th Judicial District Court, sat as the substitute judge for the trial of this case. The nunc pro tunc judgment of conviction in this case mistakenly recites in its heading that the case was in the 188th District Court.

This Court has authority to modify judgments to speak the truth when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the trial court's judgment to show that the nunc pro tunc judgment of conviction was in the 124th District Court.

For the reasons stated, we modify the trial court's nunc pro tunc judgment of conviction to reflect that the judgment of conviction is in the 124th Judicial District Court, and we affirm the trial court's judgment, as modified.

Ralph K. Burgess
Justice

Date Submitted:    June 6, 2019
Date Decided:    July 10, 2019

Do Not Publish

11